IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS ANTONIO RODAS LOPEZ,

      Applicant,

v.                                       CV 12-0726 LH/WPL

RAY TERRY,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Luis Antonio Rodas Lopez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration detention and the alleged failure of the state court and his defense counsel to warn him of the immigration consequences of a 2005 guilty plea to charges of attempted aggravated assault. (Doc. 1.)[1] Rodas Lopez signed and dated his habeas petition on June 28, 2012, and filed it with the Court on July 8, 2012. (*Id.*) However, when mail to Rodas Lopez was returned to the Court as undeliverable (Doc. 3), Magistrate Judge W. Daniel Schneider issued an order to show cause as to why this case should not be dismissed (Doc. 5). Rodas Lopez responded with a letter dated July 26, 2012, stating that he is now residing in El Salvador. (Doc. 6.)

It is clear that federal courts may only adjudicate live controversies. U.S. CONST. art. III § 2; *Alvarez v. Smith,* 558 U.S. 87, --, 130 S. Ct. 576, 580 (2009). An "actual controversy must

---

[1] Because I conclude that jurisdiction is lacking here due to mootness, I will not make any findings or recommendations as to the merits of Rodas Lopez's petition. However, I will note that the Supreme Court recently held that the Sixth Amendment requirement that defense counsel advise criminal defendants of the immigration consequences of guilty pleas, as recognized in *Padilla v. Kentucky*, does not apply retroactively to judgments that became final prior to that 2010 decision. *See Chaidez v. United States*, --- U.S. ---, 81 U.S.L.W. 4112 (2013) (citing 559 U.S. 356 (2010)).

be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (quotation omitted). If the controversy ceases to exist, then the case becomes moot, and a federal court will lack jurisdiction. *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted).

A federal court may grant a writ of habeas corpus pursuant to § 2241 only if the petitioner is "in custody." *See* 28 U.S.C. § 2241(c) (2006). When a prisoner attacks the execution of a sentence and not the conviction through a § 2241 habeas petition, then the completion of a sentence and release from custody will moot the petition. *Walker v. United States*, 680 F.3d 1205, 1206 (10th Cir. 2012); *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012). Likewise, in the immigration context, when an alien is removed from the United States, then the § 2241 habeas petition becomes moot. *Ferry v. Gonzales,* 457 F.3d 1117, 1132 (10th Cir. 2006). The petitioner is no longer in federal custody after his removal, so the relief the petitioner requests is no longer available and cannot be redressed by a favorable judicial decision. *See id.*; *Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that a habeas petition filed by non-criminal alien challenging his continued INS detention pending removal from the United States was rendered moot by his supervised release from detention).

Rodas Lopez was released from federal custody and removed to El Salvador sometime before July 26, 2012, suggesting that his § 2241 petition is rendered moot. However, there are four exceptions to the mootness doctrine. *See Riley*, 310 F.3d at 1257 ("(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." (quoting *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 384 (3d Cir. 2001))).

Rodas Lopez challenges the mootness of his petition by citing the "continuing adverse collateral consequences [of] 'banishment or exile' away from [his] family" (Doc. 1 at 6). However, Rodas Lopez's "inability to return to the United States [to be with family] is a continuing injury that stems from his removal order, not his detention." *See Ferry*, 457 F.3d at 1132 (citation omitted). Although Rodas Lopez refers to Tenth Circuit caselaw stating that separation from one's family in the United States constitutes a collateral consequence of removal from the country (*see* Doc. 1 Ex. 1 (printout of *Tapia Garcia v. I.N.S.*, 237 F.3d 1216, 1217-18 (10th Cir. 2001))), his habeas petition inherently challenges his detention rather than his removal, *see* 28 U.S.C. § 2241(c). Accordingly, Rodas Lopez's separation from his family does not constitute a collateral injury that can negate the mootness of his habeas petition. *See Ferry*, 457 F.3d at 1132.[2] Nor does further review of the record or of Rodas Lopez's petition appear to justify the application of any of the remaining exceptions to the mootness doctrine.

Finally, Rodas Lopez requests that the Court construe his application as a writ of *coram nobis* if appropriate. (Doc. 1 at 10.) However, Rodas Lopez was still "in custody" when he filed his petition, rendering *coram nobis* relief inapplicable. *See United States v. Guerrero-Castro*, 488 F. App'x 300, 302 (10th Cir. 2012) (unpublished) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." (quoting *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002))).

Rodas Lopez is no longer in custody, none of the four exceptions to the mootness doctrine appear to apply, and *coram nobis* relief is unavailable to him. Accordingly, I recommend that the Court dismiss his petition for a writ of habeas corpus (Doc. 1) as moot.

---

[2] Rodas Lopez also includes printouts of two Third Circuit cases suggesting that separation from family in the United States does constitute a collateral consequence stemming from detention, thus preserving a live habeas controversy. (*See* Doc. 1 Exs. 2-3.) However, because the Tenth Circuit has spoken clearly to the contrary on this matter, these cases are inapplicable.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

*/s/ William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE